T. H. NELMS v. NORA BROOKS ET AL.

[61 South. 985.]

1. EQUITY. *Bill. Multifariousness. Appeal and error. Demurrer.*

A bill in chancery praying for partition of certain lands alleged to be the property of a deceased intestate, ancestors of complainant and others named in the bill, and for an accounting, also praying for the cancellation of a certain instrument purporting to be the last will and testament of complainant's deceased grandmother, is multifarious.

2. APPEAL· AND ERROR. *Affirmance.    Demurrer.*

Where complainants filed a bill seeking the partition of property, also an accounting, and the cancellation of an instrument purporting to be the will of her grandmother, and a demurrer to the bill was overruled and complainant then tendered an issue of *devisavit vel non*, and defendant was given time to answer, and one of the defendants was granted an appeal by a judge of the Supreme Court; *held*, that the action would be reversed and remanded for trial under the issue of *devisavit vel non*, and this alone as the defendants would not be deprived of any legal right by an adoption of this course.

APPEAL from the Chancery Court of Carroll County.
HON. J. F. McCOOL, Chancellor.

Bill by Nora Brooks against F. H. Nelms and others. From a decree overruling a demurrer, defendant appeals. The facts are fully stated in the opinion of the court.

*F. M. Glass, J. T. Brown* and *Flowers, Alexander & Whitfield* for appellant.

This case is a companion case to the case of F. H. Nelms against Mrs. Nora Brooks, numbered 16014 on the docket of this court, and we ask that our brief filed this date in that cause be taken as a brief in this case, since both cases present the precise same question of both law and fact, and the same parties are parties to both cases.

*McClurg & Conger,* for appellees.

The contention on the part of the appellant is, that this bill of complaint is not maintainable because its primary purpose is for partition and accounting and to reach that end it is not permissible to tender an issue *devisavit vel non* to test the validity of the will as a cloud upon the title to property sought to be divided and which but for the will is certainly in the appellees. That the latter question is settled by probate judgment until direct action on that proposition alone it be shown that it is not the real will of the alleged testator.

There is at least a practical common sense view that answers this contention by appellants counsel, and the record of this case demonstrates it. After the demurrer to the bill had been overruled the *vel non* issue was tendered, a jury drawn, and a future day set for the trial and the witnesses summoned. But before the trial day this appeal was prosecuted. Suppose the trial had been had and the will sustained? That of course, would have ended the case with the partition as well, properly held in abeyance until the determination of that issue. On the other hand had the verdict and judgment been with the complainants, there would have been nothing to do but divide the property among the heirs to it, with the accounting between them as an incident. This would have saved two law suits and large costs, much long delay, inconvenience and annoyance, the very large number of necessary parties being no small factor influencing such

course. And where is the real harm in such proceeding? It is convenient, the most inexpensive and withal the quickest and most practical. Not a single legal right could be lost by it.

The distinguished counsel quote and cite many authorities (and this writer has no convenient opportunity of examining their pertinent application here), sustaining their view as a general proposition. Yet, it seems, the reliance is upon the cold proposition that the probating judgment is conclusive and cannot be assailed, not collaterally exactly, but in a bill for partition generally. So, it must be that unless there is in fact a substantial legal or equitable obstruction, the plain, simple plan proposed by the bill ought to be proceeded with. It is respectfully submitted that even if the decree appealed from is reversed or affirmed, this court should remand the case so that all parties in interest may be brought in and the case heard on the contest of the will set up in the bill if it should be decided that the two propositions are improperly submitted in the same bill. The court will hardly dismiss the bill but let the appellants have an opportunity to amend in accordance with the decision here and proceed to judgment on the *devisavit vel non* issue before being barred.

It appears that the objection of multifariousness to the frame of the bill is not well grounded, because the matters therein stated for relief are all united equities between exactly the same parties, even if some others of them are not yet brought in. If there is any merit in this objection by reason of multiplying the equities this may be corrected by ordering separate bills filed without new process. Code, section 598.

True enough in its form it is a bill for partition, asking the removal of a cloud upon title, floating on a pretended will, as an adjustment of all matters connected with the ultimate right to division; yet in substance, the whole case is stated and this court will not permit the parties

named to be thrown out of court, nor dismiss them for mere awkwardness in presentation of their complaint. Opposing counsel seem to confess appellees' right to contest the will; that part of the bill setting up the right to partition finally, is serviceable in averment of facts showing the right to contest. Perhaps the bill would have been more artfully drawn in different form; nevertheless, its substance is quite sufficient to support either relief stated, whether contest or partition. It is easily separable without aid of additional material facts, and this is the complete answer to counsel's strongly presented objections.

COOK, J., delivered the opinion of the court.

Appellee, Mrs. Nora Brooks, filed a bill in the chancery court, praying for the partition of certain lands alleged to be the property of the deceased intestate, ancestor of herself and others named in the bill, and for an accounting. The bill also prayed for the cancellation of a certain instrument purporting to be the last will and testament of her deceased grandmother. It is alleged that her grandmother was mentally incapacitated to make a will, and that she was overreached by appellant and induced to execute the will.

A demurrer was filed to the bill, which was overruled. The chancellor refused to grant an appeal to settle the principles of law. After the demurrer was overruled, complainant tendered an issue of *devisavat vel non,* and hearing of this issue was, by agreement, set for a certain day, and the defendants were granted time in which to file answer to the bill. In the meantime, and before the day set for the hearing of the issue, appellant presented a petition for appeal to one of the judges of this court, which was granted.

It is contended that the demurrer should have been sustained, and we think this is true; but we can see no good reason now why the bill should be dismissed. The defendant is now treating the bill as a contest of the will,

and we think it contains allegations of sufficient facts to put in issue the validity of the will.

The bill as drawn is undoubtedly open to criticism on account of multifariousness, but to save time and unnecessary expense and delay, we think it will be proper to remand the case for a trial of the issue of *devisavit vel non,* and this alone.

We believe the defendants below will not be deprived of any substantial legal right by the adoption of this course. It seems to us that the interests of all parties to the controversy will be preserved and subserved by a trial of the one issue which stands at the threshold, the settlement of which will either end all further litigation, or open the door for a settlement of other matters of difference between the adversaries.

*Reversed and remanded.*